[Civ. No. 15849. First Dist., Div. Two. May 14, 1954.]

WILLIAM L. SCHOENER, Respondent, v. CLAYTON F. WALTMAN, Appellant.

Clayton F. Waltman, in pro. per., for Appellant.

William L. Schoener, in pro. per., for Respondent.

NOURSE, P. J.—Plaintiff sued for equitable relief—to foreclose two judgment liens upon described real property, and to set aside a declaration of homestead thereon upon grounds of false and fraudulent statements in the declaration. **The** defendant filed a general denial. Thereupon the plaintiff moved for a summary judgment upon affidavit averring that the declaration of homestead was fraudulent. The undisputed facts supporting the motion are that defendant resided at other premises under lease from one Geringer from April

15, 1948, to May 8, 1950; that these facts appeared in the verified complaint of the defendant herein in another action against the owner of the other premises; that the declaration of homestead was false in two particulars—the statement that this defendant and his wife resided on the premises, and that his wife joined in the declaration; that this declaration was purportedly made by husband and wife on April 27, 1950, whereas the wife was divorced from the defendant herein on April 18th of the same year in the State of Nevada, and remarried to one Swallow on the same day. Appellant's denials of all these pertinent facts are so equivocal that we might well assume that they are not made in good faith. However, the Nevada divorce and the remarriage are admitted, and the question of the residence of the defendant and his wife on the homesteaded premises is met by his verified complaint in the other action that they were *not* living there and his belated affidavit in this proceeding that they *were*, notwithstanding the admitted fact that they were then divorced and the wife had taken another husband in the State of Nevada. These are the facts upon which the motion for a summary judgment was based.

 Appellant first contends that this is not a case for a summary judgment under section 437c, Code of Civil Procedure. But the section provides for a summary judgment in an action to recover an unliquidated debt for money only or "to enforce or foreclose a lien." A suit to set aside a fraudulent homestead on the lienated property is but an incident of the equitable relief permitted in the code section. (See *Haupt* v. *Charlie's Kosher Market*, 17 Cal.2d 843 [112 P.2d 627].)

 The second point rests on the contention that the trial court should have assumed that defendant and his former wife were actually living on the premises *as husband and wife* 10 days after they had been divorced and the wife was then the spouse of another. The facts upon which this amazing contention is based are "such stuff as dreams are made on" and too unrealistic to constitute a controversy between fact and fiction.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied June 11, 1954.