GEORGE J. NOAH, EXECUTOR OF THE LAST WILL AND TESTAMENT OF BILLIE JANE NOAH, DECEASED, APPELLANT, *v.* J. K. METZKER, AND JOHN A. DERMODY, RESPONDENTS.

No. 5702

January 29, 1969                    450 P.2d 141

*Barry, Hall & McGehee,* of Reno, and *Peter B. Van Gelder,* of Sacramento, California, for Appellant.

*Goldwater, Taber, Hill and Mortimer,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Billie Jane Noah, a lessor of commercial real property in Reno, commenced suit against several defendants including J. K. Metzker and John Dermody, two of the three original lessees thereof.[1] As against Metzker and Dermody, she sought to invalidate lease assignments made by them in order to secure their personal liability for occurrences which subsequently transpired. Since the lease specifically precluded their personal liability following valid assignments of their leasehold interests, the main issue below, presented by a defense motion for summary judgment, was the legality of the lease assignments made by Metzker and Dermody. That issue tendered a question of law—the meaning of the lease provision governing assignments. Extrinsic evidence was not offered since each litigant deemed that provision to be clear and without ambiguity. The district court ruled for Metzker and Dermody and entered summary judgment in their favor. That court concluded that their lease assignments were effectuated in substantial compliance with the controlling lease provision with the result that their personal liability for the occurrences which thereafter followed was obliterated. That court also considered subordinate issues and resolved them in favor of Metzker and Dermody. We affirm the district court's resolution of this litigation, and will confine our discussion to the main issue—the legality of the lease assignments—since it is dispositive.

The relevant facts are these: On April 1, 1960 Noah, as lessor, entered into a lease indenture with C. W. Baker, Metzker and Dermody, as lessees. Article 6 provided that the lessor would subordinate her interest in the property to a contemplated encumbrance to be placed thereon as security for funds to be advanced by a responsible lender to finance the construction of a building. It also provided that the lessees would assume personal liability for repayment of the secured loan.

Article 15 allowed the lessees to assign their interest in the

---

[1]Billie Jane Noah died pending this appeal and the executor of her estate was substituted as the appellant.

leased property upon condition that, at the date of assignment, lessees were not in default and had paid all charges accruing under the lease at the date of assignment. That article also provided that the assignment would be in writing, duly executed and notarized; would be recorded; and that the assignees would be personally bound to discharge the lease obligations. An executed original of the assignments, containing the address of the assignees, was to be delivered to the lessor. Failure to comply with these provisions rendered the assignments void. Finally, Article 15 provided that "any assignment made in the manner herein provided shall operate to release the lessees from all further liability hereunder accruing subsequent to the time when said assignment becomes effective. . . ." The lessor's consent to lease assignments was not required.

On September 13, 1960 Metzker assigned his interest in the lease to Sterling Builders, Inc., and on November 14, 1961 Dermody assigned his interest to the same corporation. On the dates of those assignments the lessees were not in default in any of their obligations under the lease. On October 21, 1963 counsel for Metzker and Dermody mailed executed originals of their assignments to counsel for lessor, and one day later the Metzker and Dermody assignments were recorded.[2] As of the date of recordation, October 22, 1963, payment of the ad valorem tax was delinquent.

On November 4, 1963 Noah, lessor, and Court Corporation, then the lessee, executed a deed of trust as trustors to Land Title Insurance Agency, Inc., trustee, in favor of First National Bank of Nevada, beneficiary, as security for a construction loan of $793,000 advanced by the bank. The lessor subordinated her interest in the property to the lien of the deed of trust. Thereafter, the lessee defaulted upon its lease obligations to lessor and upon its promissory note to the bank. The bank subsequently foreclosed on the deed of trust and purchased the property at the trustee's sale.

1.   It is the lessor's contention that the lease assignments by Metzker and Dermody are void since executed originals were not delivered to her personally, and payment of the ad valorem tax was in default at the time of recordation of the assignments. The contention is not sound. Executed originals of the assignments were mailed to the lessor's attorney and received by him in the regular course of mail. Notice to the

---

[2]Other assignments (Sterling Builders, Inc. to C. W. Baker, and C. W. Baker to Court Corporation) also were mailed to counsel for lessor.

attorney of any matter relating to the business of the client in which the attorney is engaged is notice to the client. Aldabe v. Adams, 81 Nev. 280, 286, 402 P.2d 34 (1965); Milner v. Dudrey, 77 Nev. 256, 264, 362 P.2d 439 (1961). Thus, the delivery of the assignments to counsel was the legal equivalent of delivery to the lessor, and the lease requirement in this regard was satisfied. Neither did the lease require the absence of default at the time of recordation of the assignments. In point of time, the absence of default provision referred to the date of assignment, not the date of recordation.[3] Since the accrued ad valorem tax was paid at the time the Metzker and Dermody assignments respectively were made, the lessor's contention on this point is without force. Indeed, we find nothing in the lease from which it can be said to follow as a matter of law that the district court erred in its conclusion on this aspect of the case.

2. Since the assignments were effective, Metzker and Dermody were relieved from all further liability under the lease by the express provision of Article 15. Such a provision is valid and operates to defeat the general rule that the original lessees shall remain liable on the lease covenants. Bornel, Inc. v. City Products Corporation, 432 P.2d 489 (Wyo. 1967); Rose v. Love, 368 S.W.2d 889 (Tex.Civ.App. 1963); cf. S. S. Kresge Co. v. Sears, 87 F.2d 135 (1 Cir. 1936).

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

[3]That proviso: ". . . at the date of such . . . assignment the said lessees . . . shall have paid all . . . taxes . . . which shall have accrued under this lease at the date of any such . . . assignment. . . ."