ALFRED LANGE AND BETTIE POTTS LANGE, HUSBAND AND WIFE, APPELLANTS, *v.* CLAYTON DEE HICK-MAN, RESPONDENT.

No. 7940

January 23, 1976                    544 P.2d 1208

*Allan D. Bray,* of Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* and *Jack C. Cherry,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This action to recover damages for personal injuries sustained in an automobile collision was, by the district court, dismissed for failure of the plaintiffs to sign consents for medical and income tax records as ordered by the court. Five months later that court refused to set aside the dismissal, from which determination this appeal is taken.

Plaintiffs' counsel acknowledged service of the defendant's motion to sign consents for medical and tax records, but failed to appear when the motion was argued before the court. The motion was granted and order entered, service thereof being effected upon plaintiffs' counsel by mail.

Since the ordered consents were not executed by plaintiffs, the defendant, three months later, moved to dismiss the case. NRCP 37(b)(2). That motion was served upon plaintiffs' counsel by mail. At the time scheduled for hearing, plaintiffs' counsel did not appear. The motion was granted and dismissal ordered.

Five months later, new counsel for plaintiffs moved to set aside the dismissal. The basis for the motion was that the plaintiffs had never been advised by their prior counsel of the court's order requiring them to sign consents for their medical and tax records to be given defendant for examination, and had they

been so advised they would have done so. Their motion to set aside the dismissal was denied.

Notice to an attorney is, in legal contemplation, notice to his client. Milner v. Dudrey, 77 Nev. 256, 362 P.2d 439 (1961); Aldabe v. Adams, 81 Nev. 280, 402 P.2d 34 (1965). The attorney's neglect is imputed to his client, and the client is held responsible for it. The client's recourse is an action for malpractice. Valente v. First Western Savings & Loan, 90 Nev. 377, 528 P.2d 699 (1974).

Tested by these established principles, we cannot conclude that the district court abused its discretion in ordering dismissal of this case.

Affirmed.