An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN BIRD,
Appellant,
vs.
EMPLOYERS INSURANCE COMPANY
OF NEVADA,
Respondent.

No. 59026

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Martin Bird and respondent Employers Insurance Company of Nevada (EICON) entered into a subrogation agreement which, among other things, provided for a credit or offset against any future workers' compensation benefits in the amount that Bird recovered in a personal injury action against a third-party tortfeasor. When EICON subsequently credited certain workers' compensation benefits against this offset, Bird challenged that decision, asserting that the subrogation agreement between Bird and EICON, which provided the terms for the offset amounts, is unenforceable even though it was signed by the parties. Central to Bird's argument is the fact that he had two attorneys representing him—one attorney for his personal injury lawsuit and a second attorney for his workers' compensation claim. The appeals officer affirmed the offset, finding that Bird had failed to establish that the subrogation agreement was invalid or that he had satisfied the amount of

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21814

the offset specified in the agreement. Bird filed a petition for judicial review, which the district court denied, and this appeal followed.

On appeal, Bird, through his workers' compensation attorney, argues that the subrogation agreement is unenforceable because Bird's personal injury attorney, and not his workers' compensation attorney, negotiated the terms of the agreement. Bird presents no authority to support his argument that the negotiation of the subrogation agreement had to specifically go through his workers' compensation attorney, as opposed to his personal injury attorney, and thus, we do not consider the argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is a party's "responsibility to cogently argue, and present relevant authority, in support of his appellant concerns"). Further, it is undisputed that Bird's personal injury attorney was retained as counsel. A client is generally held responsible for his attorney's actions. *See Lange v. Hickman*, 92 Nev. 41, 43, 544 P.2d 1208, 1209 (1976).

Having considered the parties' arguments and the record on appeal, we conclude that the appeals officer's factual determination that Bird and EICON had entered into a subrogation agreement is supported by substantial evidence. *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 n.4, 188 P.3d 1084, 1087 n.4 (2008) ("Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." (internal quotation omitted)); *May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005) (recognizing that whether a contract exists is a question of fact). We also conclude that the decision is not affected by any error of law. *See* NRS 616C.215 (providing for the

reduction of workers' compensation benefits by the amount of personal injury damages recovered from a third-party for the same injuries). Therefore, we affirm the district court's order denying judicial review.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Kathleen E. Delaney, District Judge
       William F. Buchanan, Settlement Judge
       Clark & Richards
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk