# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENE SHERIDAN, AN INDIVIDUAL; AND GOROCK, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Appellants,
vs.
RUDOLF SEDLAK, AN INDIVIDUAL,
Respondent.

No. 76132

RENE SHERIDAN, AN INDIVIDUAL,
Appellant,
vs.
GINA G. GOFF, AN INDIVIDUAL; GOFF PRODUCTIONS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; SENIOR MOMENT MOVIE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; RUDOLF SEDLAK, AN INDIVIDUAL; MAIER GUTIERREZ & ASSOCIATES; AND ALBRIGHT, STODDARD, WARNICK & ALBRIGHT,
Respondents.

No. 78631



FILED

MAR 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from district court orders dismissing a party due to a lack of personal jurisdiction certified as final under NRCP 54(b) and dismissing the complaint with prejudice in a tort action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is

SUPREME COURT
OF
NEVADA

(O) 1947A

Appellant Rene Sheridan[2] filed a complaint against respondents alleging various causes of action stemming from the parties' agreement to produce a movie. After ordering limited jurisdictional discovery, the district court dismissed respondent Rudolf Sedlak for lack of personal jurisdiction. Sheridan appealed (Docket No. 76132) and the case was assigned to the NRAP 16 settlement program, at which time the parties reached a global settlement. After the settlement conference, the parties continued to disagree about certain terms of the settlement and respondents ultimately filed a motion to enforce. The district court granted the motion and ordered Sheridan to sign the settlement agreement. When Sheridan refused, the district court entered judgment reflecting the terms of the settlement agreement and dismissed Sheridan's remaining claims. Sheridan also appealed that decision (Docket No. 78631), and we consolidated the cases for resolution.

Sheridan first argues that the district court erred by dismissing Sedlak because it failed to make several evidentiary inferences in her favor.

---

not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

[2]Appellant GoRock, LLC, did not file a brief in these consolidated actions, and Sheridan cannot present arguments on GoRock's behalf as she is not a licensed attorney. *See State v. Stu's Bail Bonds,* 115 Nev. 436, 436 n.1, 991 P.2d 469, 470 n.1 (1999) (noting that "business entities are not permitted to appear, or file documents, in proper person"). This order therefore does not consider any challenges GoRock may have had to the appealed orders. And, because Sheridan does not challenge any of the orders awarding relief to respondents Maier Gutierrez & Associates and Albright, Stoddard, Warnick & Albright, Sheridan's former counsel, all references to "respondents" in this order do not include those parties.

Reviewing de novo, *Fulbright & Jaworski, LLP v. Eighth Judicial District Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015), we disagree. Because the district court conducted a full evidentiary hearing on the issue of personal jurisdiction, Sheridan had the burden to prove personal jurisdiction by a preponderance of the evidence, and her evidence was not entitled to the presumptions of credibility that would otherwise apply. *See Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 693-94, 857 P.2d 740, 744-46 (1993) (providing that, when the district court holds an evidentiary hearing on personal jurisdiction, the burden is on the plaintiff and that "the plaintiff's evidence does not receive the same presumption of credibility").

Furthermore, the district court correctly found that it lacked specific personal jurisdiction over Sedlak.[3] The operative complaint included no allegations that would subject Sedlak, a California resident, to specific personal jurisdiction in Nevada. *See id.* at 699-700, 857 P.2d at 748 (holding that specific personal jurisdiction may be exercised against a nonresident defendant only where the defendant purposefully avails himself of the forum state's privileges or protections or affirmatively directs conduct toward the forum state). And our review of the record shows that Sheridan did not present any evidence supporting her argument that the district court could properly exercise personal jurisdiction over Sedlak, despite the district court giving her ample opportunity to do so.[4] *See id.; see*

---

[3]Sheridan conceded below that the district court did not have general jurisdiction over Sedlak.

[4]We also reject Sheridan's argument that the district court abused its discretion regarding application of NRCP 56(f) (2018); that rule only applies

SUPREME COURT
OF
NEVADA

(O) 1947A

*also Catholic Diocese v. John Doe 119*, 131 Nev. 246, 249, 349 P.3d 518, 520 (2015) (explaining that this court will "defer to the district court's findings of fact if they are supported by substantial evidence"). We also reject Sheridan's argument that personal jurisdiction existed because Sedlak's agent had the requisite contacts with Nevada—all of the purported agent's actions occurred outside of Nevada and were directed toward non-Nevada residents. *See Trump*, 109 Nev. at 694, 857 P.2d at 745 (holding that an agent's contacts with the forum state are attributable to its principal).[5] Finally, no adverse inference was warranted based on Sedlak's admission that he deleted emails because Sheridan failed to prove that Sedlak had any obligation to preserve evidence when he deleted the emails. *See Bass-Davis v. Davis*, 122 Nev. 442, 450, 134 P.3d 103, 108 (2006) ("[W]hen presented with a spoliation allegation, the threshold question should be whether the

---

to motions for summary judgment, not dismissals. Even if it applied, Sheridan did not make the necessary showing under that rule to warrant the district court granting her relief. *See* NRCP 56(f) (requiring an affidavit from the party opposing the motion explaining why the party is unable to present facts essential to justify its opposition).

[5]To the extent Sheridan argues that the district court had personal jurisdiction over Sedlak on a conspiracy theory of jurisdiction, we reject that argument. None of the alleged acts in furtherance of the conspiracy occurred in or were directed at Nevada or its residents, and Sedlak himself did not affirmatively direct any action toward a Nevada resident. *See Tricarichi v. Coop. Rabobank, U.A.*, 135 Nev. 87, 95-96, 440 P.3d 645, 654 (2019) (holding that for the conspiracy theory of personal jurisdiction to apply, co-conspirators' acts are "sufficient to meet minimum contacts with the forum," and "co-conspirators reasonably expected at the time of entering into the conspiracy that they would be subject to jurisdiction in the forum state").

alleged spoliator was under any obligation to preserve the missing or destroyed evidence.").

Sheridan next challenges the dismissal of her remaining claims, first arguing that the district court improperly relied on its previous grant of respondents' motion to enforce the settlement agreement as the basis for dismissal. As to any challenge to the order granting the motion to enforce the settlement agreement, we disagree that the district court committed clear error in granting that motion because the record shows that the parties reached a settlement by agreeing to material terms at a settlement conference and that Sheridan failed to sign the settlement agreement when ordered, and Sheridan has not demonstrated that any of the additional terms on which the parties disagreed constituted material terms to the agreement. *See May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005) (holding that this court will not reverse a district court's finding that a settlement contract exists unless clearly erroneous or not based on substantial evidence, and further holding that a settlement agreement is enforceable "when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later").

We further disagree with Sheridan's argument that she was excused from any obligation under the settlement due to a breach of the agreement's confidentiality provision. Sheridan's own counsel breached that provision. *Cf. Lange v. Hickman*, 92 Nev. 41, 43, 544 P.2d 1208, 1209 (1976) ("[An] attorney's neglect is imputed to his client, and the client is held responsible for it."). The appropriate relief for any harm caused by that breach, therefore, is a malpractice action against Sheridan's former counsel, not for the district court to invalidate the settlement agreement. *See id.*

("The client's recourse is an action for malpractice."). Because we have rejected all of Sheridan's bases for overturning the district court's dismissal order, and because dismissal is an appropriate means of compelling Sheridan's compliance with the parties' settlement agreement, *see May*, 121 Nev. at 674-75, 119 P.3d at 1259 (affirming the district court's dismissal of an action where the district court ascertained the terms of the settlement agreement and compelled compliance with the agreement following a party's noncompliance by dismissing the action), we necessarily

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Silver

cc:    Hon. Mark R. Denton, District Judge
M. Nelson Segel, Settlement Judge
Rene Sheridan
McDonald Carano LLP/Las Vegas
Maier Gutierrez & Associates
Albright Stoddard Warnick & Albright
Eighth District Court Clerk