# IN THE SUPREME COURT OF THE STATE OF NEVADA

NICHOLAS JAMES AMATRONE,
Appellant,
vs.
STATE FARM INSURANCE
CORPORATION; STATE FARM FIRE
AND CASUALTY; SHERRY
SCHUMACHER; STEVEN LIA; JOHN
YAGER; MIKE MUELLER; STATE FARM
INSURANCE AGENCY; GREGORY A.
MOOR; DOUGLAS WOOD; ROBIN
SINGER; BELFOR RESTORATION; AND
WILLIAMS ELECTRICS,
Respondents.

No. 78188

FILED

SEP 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order granting summary judgment in an insurance action.[1] Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Having considered appellant's brief and the record, we conclude that the district court correctly granted summary judgment for respondent State Farm. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, State Farm was contractually authorized under the insurance policy to deny appellant's claim for the reasons stated in State Farm's June 17, 2015, letter. State Farm therefore did not breach the insurance contract. *See Las Vegas Metro. Police Dep't v. Coregis Ins. Co.*, 127 Nev. 548, 553, 256 P.3d 958, 962 (2011) ("When an insurance policy

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

20-34491

explicitly makes compliance with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that it complied with that term.").

Nor are we persuaded that appellant produced evidence sufficient to create a genuine issue of material fact as to whether State Farm handled appellant's claim in bad faith. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law). To the extent that Robert Amatrone's declaration attached to appellant's December 10, 2018, summary judgment opposition could constitute evidence of bad faith, we note that the statements therein are contradicted by the actual documents attached to State Farm's December 21, 2018, reply. *See Aldabe v. Adams*, 81 Nev. 280, 285, 402 P.2d 34, 37 (1965) ("When Rule 56 speaks of a 'genuine' issue of material fact, it does so with the adversary system in mind. The word 'genuine' has moral overtones."), *overruled on other grounds by Siragusa v. Brown*, 114 Nev. 1384, 971 P.2d 801 (1998). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                            Cadish

cc:    Hon. Gloria Sturman, District Judge
       Nicholas James Amatrone
       Armstrong Teasdale, LLP/Las Vegas
       Kravitz Schnitzer Johnson, A Professional Corporation/Las Vegas
       Clark Hill PLLC
       Eighth District Court Clerk