# IN THE SUPREME COURT OF THE STATE OF NEVADA

FORE STARS, LTD., A NEVADA
LIMITED LIABILITY COMPANY; 180
LAND CO., LLC, A NEVADA LIMITED
LIABILITY COMPANY; AND SEVENTY
ACRES, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellants,
vs.
DANIEL OMERZA; DARREN BRESEE;
AND STEVE CARIA,
Respondents.

No. 82338

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

FORE STARS, LTD., A NEVADA
LIMITED LIABILITY COMPANY; 180
LAND CO., LLC, A NEVADA LIMITED
LIABILITY COMPANY; AND SEVENTY
ACRES, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellants,
vs.
DANIEL OMERZA; DARREN BRESEE;
AND STEVE CARIA,
Respondents.

No. 82880

## ORDER AFFIRMING (DOCKET NO. 82338) AND VACATING AND REMANDING (DOCKET NO. 82880)

These are consolidated appeals from district court orders dismissing a tort complaint and awarding attorney fees.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge (No. 82338) and Crystal Eller, Judge (No. 82880).

Appellants are landowners planning to build residential housing on former golf course land adjacent to a community in which

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13648

respondents are homeowners. Appellants filed a complaint for damages under various tort theories and for injunctive relief, generally alleging that respondents signed a form declaration containing false statements to present to the City of Las Vegas for the purpose of wrongly forestalling the landowners' plans, and that they circulated the form declaration in the community for more signatures. Respondents filed an anti-SLAPP special motion to dismiss, which the district court denied. On appeal, this court vacated and remanded, concluding that respondents had met their burden under step one of the anti-SLAPP analytical framework by showing that the declarations were good faith communications in furtherance of their right to petition or to free speech in direct connection with an issue of public concern. On remand, the district court granted appellants' request for limited discovery as to their step-two burden to show a reasonable probability of prevailing on their claims. After briefing and a hearing, the district court granted respondents' special motion to dismiss and their motion for roughly $363,000 in attorney fees. These appeals followed.

Appellants first argue that the district court improperly limited discovery, but the record shows that the court permitted discovery consistent with NRS 41.660(4) and with appellants' discovery request as briefed on remand. Thus, we perceive no reversible error based on the scope of discovery allowed.[2]

_____

[2]Appellants also argue that respondents provided inadequate discovery responses, but appellants did not move for an order compelling discovery. Thus, appellants argument in this regard does not warrant relief on appeal. *Cf. Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 172, 252 P.3d 676, 679 (2011) (concluding that waiver applies when a party fails to timely raise a discovery dispute with the discovery commissioner and observing that one purpose of the waiver "rule is to allow the lower tribunal the first opportunity to decide the issue").

Appellants next argue that the district court erroneously concluded that they failed to meet their step-two burden under NRS 41.660(3)(b) to demonstrate with prima facie evidence a probability of prevailing on their conspiracy claim,[3] and it thus erred in granting the motion to dismiss. We disagree, as the record supports the district court's conclusion that appellants did not show with prima facie evidence an agreement to accomplish an unlawful objective for the purpose of harming appellants, and that appellants suffered damages as a result, which are necessary elements of their conspiracy claim.[4] *Smith v. Zilverberg*, 137 Nev., Adv. Op. 7, 481 P.3d 1222, 1226 (2021) (reviewing de novo an order resolving an anti-SLAPP special motion to dismiss); *Abrams v. Sanson*, 136 Nev. 83, 92, 458 P.3d 1062, 1070 (2020) (concluding that plaintiffs must present prima facie evidence supporting the elements of their claims to satisfy the minimal merit standard under the anti-SLAPP step-two burden); *Bikkina v. Mahadevan*, 193 Cal. Rptr. 3d 499, 511 (Ct. App. 2015) (recognizing that on the second step of the inquiry, the plaintiff must show that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if plaintiff's evidence is credited" (internal quotation marks omitted)); *see Consolidated*

---

[3]Appellants' complaint asserted several other tort-based claims and sought equitable and injunctive relief, but the record supports the district court's conclusion that, in seeking limited discovery and briefing and arguing against the special motion to dismiss on remand, appellants only addressed the conspiracy claim and did not argue that they met their burden on the remaining claims. We therefore do not address those claims.

[4]The record does not support appellants' argument that the district court applied an incorrect standard on remand in analyzing the motion to dismiss and determining whether appellants met their step-two burden.

*Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (describing the elements of "[a]n actionable civil conspiracy claim"); *Aldabe v. Adams*, 81 Nev. 280, 286, 402 P.2d 34, 37 (1965) ("The damage for which recovery may be had in a civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts." (internal quotation marks omitted)), *overruled on other grounds by Siragusa v. Brown*, 114 Nev. 1384 (1998).

As to the damages element, although appellants assert that "it is public knowledge that [they] have lost economic opportunities to develop the Land and that it remains undeveloped today," and ask that we consider this assertion as a "matter[ ] of public record," they do not point to any evidence in the record or a public record supporting that statement. Even if we credited the statement as true, appellants did not present evidence that *respondents' actions* that are challenged in this case caused any such damages, and appellants acknowledge that they prevailed in litigation in which other parties challenged the City's approval of appellants' land use applications. Thus, the district court properly determined that appellants failed to meet their step-two burden of demonstrating with prima facie evidence a probability of prevailing on their claims.[5]

Appellants lastly challenge the district court's attorney fee award as unsupported and excessive. As to that issue, the district court's order does not include an express analysis of the four factors listed in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969) (requiring that the district court consider (1) the attorney's professional qualities and experience, (2) the complexity and nature of the

---

[5]In light of this conclusion, we need not address the district court's alternative basis for dismissing appellants' complaint.

litigation, (3) the work performed by the attorney, and (4) the result), and it is not clear from the record that the district court meaningfully considered all the factors in granting the full amount of fees respondents requested.[6] *See Logan v. Abe*, 131 Nev. 260, 266-67, 350 P.3d 1139, 1143 (2015) (observing that when the "district court demonstrate[s] that it considered the [relevant] factors, its award of attorney fees will be upheld if it is supported by substantial evidence"). While the district court has discretion in determining a reasonable award of attorney fees, it did not make the required findings to support the amount awarded here. *Id.* at 266, 350 P.3d at 1143 (reviewing an attorney fee award for an abuse of discretion); *Miller v. Wilfong*, 121 Nev. 619, 623, 119 P.3d 727, 730 (2005) (providing that "the court must evaluate the factors set forth in *Brunzell*" when exercising its discretion to determine a reasonable amount of attorney fees to award under a statute); *see also Beattie v. Thomas*, 99 Nev. 579, 589, 668 P.2d 268, 274 (1983) (concluding that a district court abuses its discretion if it awards the full amount of attorney fees requested without making "findings based on evidence that the attorney's fees sought are reasonable and justified"). Thus, we agree with appellants that the district court abused its discretion by awarding attorney fees without making the required findings.

Consistent with the foregoing, we affirm the district court's order granting respondents' special motion to dismiss in Docket No. 82338, and we vacate the order awarding attorney fees in Docket No. 82880, and

---

[6]The district court awarded the full amount of fees requested except for fee enhancements respondents sought.

SUPREME COURT
OF
NEVADA

(O) 1947A

remand for the court to consider the *Brunzell* factors and make the necessary findings to support the fee amount awarded.[7]

It is so ORDERED.[8]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:    Chief Judge, Eighth Judicial District Court
       Department 2, Eighth Judicial District Court
       Department 19, Eighth Judicial District Court
       Paul M. Haire, Settlement Judge
       EHB Companies, LLC
       The Law Office of Kristina Wildeveld & Associates
       Brownstein Hyatt Farber Schreck, LLP/Las Vegas
       Eighth District Court Clerk

---

[7]We have considered appellants' remaining arguments on appeal and conclude that they were either not raised in district court, *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), or do not warrant additional relief.

[8]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.