An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: G.G.; A.G.; J.G.; L.G.; J.M. AND A.M.,

No. 65357

ALICIA M.-G.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES,
Real Party in Interest.

FILED

APR 09 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition seeking an order that directs the district court to grant petitioner's motion in limine, or in the alternative, to preclude real party in interest from relying on the alleged waiver of reasonable efforts to reunify the family as a basis to establish parental fault in a parental rights termination matter.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124

Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. An appeal is typically an adequate legal remedy precluding writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). It is within this court's sole discretion to determine if a writ petition will be considered. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan*, 120 Nev. at 228, 88 P.3d at 844.

Having considered the petition and supporting documents, we conclude that our intervention by extraordinary writ relief is not warranted as petitioner has an adequate legal remedy in the form of an appeal from an adverse judgment. *See Smith*, 107 Nev. at 677, 818 P.2d at 851; *Pan*, 120 Nev. at 224, 88 P.3d at 841. The legal issue she presents is for the district court to decide in the first instance; a district court decision assists this court in evaluating the merits of the eventual appeal. If, after decision by the district court, petitioner is aggrieved, she may appeal from a final judgment in the proceeding and may challenge on appeal any interlocutory orders entered by the district court, including the denial of the motion in limine. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998)

SUPREME COURT
OF
NEVADA

(O) 1947A

(explaining that a party may challenge an interlocutory order in the context of an appeal from a final judgment); *see also* NRAP 3A(b)(1) (allowing an appeal from a final judgment). She also has the ability to request a stay, if appropriate. *See* NRAP 8; *see also* EDCR 2.20, 5.25. Thus, petitioner has a speedy and adequate remedy available in the form of an appeal, and extraordinary relief is unwarranted. NRS 34.170; NRS 34.330; NRAP 21(b)(1); *Pan*, 120 Nev. at 224, 88 P.3d at 841. Accordingly, we

ORDER the petition DENIED.[1]



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Robert Teuton, District Judge, Family Court Division
       Special Public Defender
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk

---

[1]In accordance with this order, we deny petitioner's April 7, 2014, emergency motion for a stay as moot.