BANK OF LAS VEGAS, a Nevada Corporation, Appel-
lant, v. J. GORDON HOOPES and WILLIAM WER-
NER, Respondents.

No. 5500

October 22, 1968 445 P.2d 937

*Paul L. Larsen,* of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

The district court granted summary judgment to the defend-
ants, Hoopes and Werner, in an action brought by the Bank
of Las Vegas to recover an amount alleged to be due upon an
installment promissory note secured by a chattel mortgage.
The Bank made no effort to exhaust its security before com-
mencing suit. The district court judgment rests upon two

grounds. First, that the Bank's action on the note was premature since it had failed first to foreclose upon its security as required by the "one action rule" [NRS 40.430; Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 435 P.2d 198 (1967); McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966)].[1] Second, that the vice-president of the Bank had signed and acknowledged a "satisfaction of mortgage" which the defendants recorded, reciting that the debt was satisfied in full. Therefore, the district court reasoned that the Bank's claim for relief was either premature or nonexistent, and entered judgment for the defendants.

The appellant Bank concedes that no effort was made to foreclose the chattel mortgage before bringing suit on the note, and acknowledges that, on the advice of counsel, it signed a satisfaction of mortgage. Nonetheless, the Bank insists that summary judgment was improper since the debt was not paid, and the execution of the satisfaction of mortgage was intended to be a waiver of the security to enable the Bank to sue on the note. Affidavits to that effect were presented in opposition to the defendants' motion for summary judgment. The Bank, therefore, urges that a genuine issue of material fact exists, namely, whether the mortgage debt was satisfied, or the security merely waived.

In Aldabe v. Adams, 81 Nev. 280, 402 P.2d 34 (1965), we ruled that a "genuine" issue of material fact within the intendment of NRCP 56 may not be created by the conflicting sworn statements of the party against whom summary judgment was entered, and that it was permissible for the court to prefer one statement over the other in deciding a summary judgment motion. The rationale of Aldabe, supra, applies to the case at bar, since we have an acknowledged satisfaction of the debt signed by the vice-president of the Bank, and his later affidavit stating that the debt was not paid. These conflicting statements from the Bank's officer do not create a genuine issue of material fact, since Rule 56 expects the conflict to be created by adversaries. In these circumstances the court was not required to accept the affidavit as true and disregard the satisfaction. Aldabe v. Adams, supra, at 285.

Affirmed.

---

[1]The Uniform Commercial Code does not apply to this case since the note and chattel mortgage were executed long before the Code became the law.

COLLINS and BATJER, JJ., GEZELIN, D. J., and COMPTON, D. J., concur.