*1306
 
 OPINION
 

 Per Curiam:
 

 Appellant Consolidated Generator-Nevada (CGN) rented portable generators (gensets) from Consolidated Generator Services (CGS) shortly after CGN’s incorporation in May 1989. The gensets were originally purchased by CGS from Ingersoll-Rand (IR) and they are equipped with Cummins engines. IR and Cummins both have written warranties that exclude express and implied warranties, as well as consequential or incidental damages.
 

 CGN claims to have purchased ten of the gensets from CGS in an agreement memorialized in a letter. CGN also claims to have received transfer of the gensets in February 1990. On May 11, 1990, CGS filed a Chapter 11 Bankruptcy in the Central District of California. IR was listed as a secured creditor and twenty-five IR gensets were listed as security. In January 1991, the bank
 
 *1307
 
 ruptcy court ordered CGS to turn the gensets over to IR. IR tried to recover from CGN the ten gensets CGN claimed to own. Due to a dispute concerning their ownership, the gensets were parked in early 1991. On April 30, 1991, CGN filed a garagemen’s lien against IR.
 

 CGN experienced many problems with the gensets before they were parked. Cummins and IR were aware of problems with the gensets, including the fact that the “continuous duty” generators should only be used for stand-by applications. Cummins and IR agreed to certain repairs and replacements. However, the parties dispute the length and coverage of the warranty and additional protection.
 

 CGN filed a complaint against IR alleging: (1) breach of implied warranties; (2) foreclosure of statutory lien and declaratory relief; (3) interference with prospective business advantage; (4) unjust enrichment; and (5) debt due and owing. CGN filed a complaint against Cummins alleging: (1) breach of implied warranties; (2) breach of implied covenant of good faith; (3) breach of express warranty; and (4) unjust enrichment. CGN then filed an amended complaint consolidating the cases that listed all the claims for relief alleged in the IR complaint and added the claim of civil conspiracy.
 

 IR and Cummins filed motions for summary judgment in March 1991. The district court denied both motions by an order dated April 17, 1996. Shortly thereafter, IR filed a motion for rehearing and a motion for summary judgment arguing that the court should apply California law to the warranty claim. Cummins joined in the motions. On May 8, 1996, the district court granted IR’s and Cummins’ motions as to all of CGN’s claims except whether CGN was entitled to recover damages for unreimbursed repair costs to the gensets. The court found that California law applied to the warranty claim and that based on California law, there were no express or implied warranties that applied to the alleged sale of the ten gensets from CGS to CGN.
 

 On May 20, 1996, CGN filed a motion for summary judgment on the issue of repair costs. The court granted CGN’s motion for summary judgment and awarded CGN $22,736.96 in repair costs to be paid by Cummins.
 

 CGN filed a timely notice of appeal as to all issues except the repair costs. Cummins cross-appealed the award of repair costs.
 

 DISCUSSION
 

 First, CGN argues that the district court erred in applying California law, rather than Nevada law, to their breach of express and implied warranty claims. In order to determine what state’s law to apply in a contract case, this court has adopted the sub
 
 *1308
 
 stantial relationship test. Sotirakis v. U.S.A.A., 106 Nev. 123, 125-26, 787 P.2d 788, 790-91 (1990). This court has delineated five factors to consider in determining whether a state possesses a substantial relationship with a contract:
 

 a. the place of contracting,
 

 b. the place of negotiation of the contract,
 

 c. the place of performance,
 

 d. the location of the subject matter of the contract, and
 

 e. the domicile, residence, nationality, place of incorporation and place of business of the parties.
 

 Williams v. United Services Auto. Ass’n, 109 Nev. 333, 334-35, 849 P.2d 265, 266 (1993) (quoting
 
 Sotirakis,
 
 106 Nev. at 126, 787 P.2d at 790). Additionally, the transaction must not violate a strong public policy of Nevada.
 
 Id.
 
 at 334, 849 P.2d at 266.
 

 The parties disagree as to which contract the
 
 Sotirakis
 
 test should be applied: (1) the original purchase agreement between CGS and IR; or (2) additional agreements or contracts entered into between CGN and IR or Cummins. We hold that there were no agreements or contracts between CGN and IR or CGN and Cummins on which a warranty claim can be based. Therefore, we conclude that the warranty claims must be based on the original agreement between CGS and IR.
 

 We further hold that in applying the
 
 Sotirakis
 
 factors to the original agreement, California bears the most significant relationship to the original contract. The contracting took place in California, the contract was negotiated in California, and the contract was performed in California. Although the gensets are now in Nevada, IR does business in Nevada, and CGN is a Nevada corporation, the majority of the factors support the district court’s ruling. Additionally, we hold that applying California law to this contract does not violate a strong public policy of Nevada. Thus, we hold that the district court properly applied California law to the warranty claims.
 

 Second, CGN argues that the district court misapplied California law in granting IR’s and Cummins’ motions for summary judgment as to the breach of express and implied warranty claims. This court reviews a summary judgment order de novo. Walker v. American Bankers Ins., 108 Nev. 533, 536, 836 P.2d 59, 61 (1992). Summary judgment may only be granted when there is no genuine issue of material fact for trial. NRCP 56(c).
 

 California law requires privity for breach of implied warranty
 
 *1309
 
 of merchantability and breach of implied warranty of fitness claims. Rodrigues v. Campbell Industries, 151 Cal. Rptr. 90, 93 (Ct. App. 1978). Since CGS was the original purchaser of the gensets and CGN allegedly bought the gensets from CGS, CGN is not in privity with either IR or Cummins. Thus, we hold that no genuine issue of material fact remains for trial and the district court was correct in granting IR’s and Cummins’ motions for summary judgment as to CGN’s implied warranty claims.
 

 California law does not require privity for claims of breach of express warranty when a consumer relies on representations made by a manufacturer in labels or advertising materials. Fundin v. Chicago Pneumatic Tool Co., 199 Cal. Rptr. 789, 793-94 (Ct. App. 1984). Therefore, the lack of privity between CGN and IR and CGN and Cummins does not preclude CGN from recovering on the breach of express warranty claim. However, IR argues that CGN did not plead the claim of breach of express warranty in either its original complaint or its amended complaint, and therefore, this claim does not apply to IR.
 

 In Hall v. SSF, Inc., 112 Nev. 1384, 1391, 930 P.2d 94, 98 (1996), this court held that defendants were on notice as to the claim of negligent hiring where the complaint stated that “[djefendants were negligent in failing to adequately train and supervise . . . .” This court noted that “we liberally construe pleadings to place matters into issue which are fairly noticed to the adverse party.”
 
 Id.
 
 (quoting Pittman v. Lower Court Counseling, 110 Nev. 359, 365, 871 P.2d 953, 957 (1994)). We hold that IR was on notice that the issue of breach of express warranty would be litigated because the pleadings, while not expressly stating a claim for breach of express warranty, stated the elements for the claim under the implied warranty cause of action. The complaint alleged that CGN relied upon the “oral and written representations” of IR representatives. Therefore, we hold that the claim of breach of express warranty applies to IR.
 

 Under the California Commercial Code, an express warranty is “[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.” Cal. Com. Code § 2313 (West 1998). The district court found that CGN did not rely on any brochures or literature of IR or Cummins in purchasing the gensets and that, therefore, no genuine issue of material fact existed as to the issue of breach of express warranty. However, there is evidence in the form of an affidavit that CGN’s president relied on the “continuous duty” representations made in the Cummins and IR literature in purchasing the gensets from CGS.
 

 
 *1310
 
 IR argues that the district court had a right to disbelieve this evidence because of conflicting statements in depositions and affidavits, citing to Aldabe v. Adams, 81 Nev 280, 402 P.2d 34 (1965) and Bank of Las Vegas v. Hoopes, 84 Nev. 585, 445 P.2d 937 (1968). However, we conclude that IR’s reliance on
 
 Aldabe
 
 and
 
 Hoopes
 
 is misplaced.
 
 Aldabe
 
 and
 
 Hoopes
 
 are concerned with one party’s own conflicting statements being used to create a genuine issue of material fact when no conflict between adversaries exists. That is not the case here because there is a conflict between adversaries. Thus, based on the affidavit, we hold that a genuine issue of material fact exists as to whether any of IR’s and Cummins’ representations became a part of the bargain.
 

 IR and Cummins also argue that because CGN is not an owner of the gensets and because IR and Cummins have excluded all express warranties, there is no genuine issue of material fact as to the express warranty issue. We hold that a genuine issue of material fact exists as to whether CGN is an owner of the gensets because there is evidence that CGN assumed ownership of the gensets in February 1990, before CGS filed for bankruptcy and IR was listed as a secured creditor. In addition, under California law, a manufacturer cannot disclaim express descriptions of certain detailed capacities in brochures. Fundin v. Chicago Pneumatic Tool Co., 199 Cal. Rptr. 789, 794-95 (Ct. App. 1984). Therefore, we hold that the issue of express warranties could not have been decided on summary judgment based on disclaimer.
 

 Thus, we hold that because a genuine issue of material fact exists as to whether IR or Cummins breached their express warranties to CGN, the district court improvidently granted summary judgment on the issue of express warranties under California law.
 

 Third, CGN argues that the district court erred in granting IR’s and Cummins’ motions for summary judgment on CGN’s remaining claims except for whether CGN was entitled to repair costs. We disagree as to the garagemen’s lien, interference with prospective business relations, civil conspiracy, unjust enrichment, and debt due and owing claims. However, we agree that the claim of breach of implied covenant of good faith and fair dealing was improperly decided on summary judgment as to Cummins. This court reviews a summary judgment order de novo.
 
 Walker,
 
 108 Nev. at 536, 836 P.2d at 61.
 

 The garagemen’s lien statute provides for a lien for a person “in the business of: . . . [kjeeping a garage or place for the storage, maintenance, keeping or repair of . . . motor equipment.”
 
 *1311
 
 NRS 108.270(1). We hold that because CGN is not in such a business, this statute is not applicable in this case. Thus, we conclude that the district court was correct in granting IR’s motion for summary judgment as to the garagemen’s lien claim.
 

 The following elements must be proven to establish the tort of interference with prospective business advantage:
 

 (1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant’s knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant’s conduct.
 

 Leavitt v. Leisure Sports Inc., 103 Nev. 81, 88, 734 P.2d 1221, 1225 (1987). We hold that because IR was justified in requesting that the gensets be parked, CGN cannot prove the elements of the tort under
 
 Leavitt.
 
 We conclude that the district court was therefore correct in granting IR’s motion for summary judgment as to this issue.
 

 An actionable civil conspiracy “consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts.” Hilton Hotels v. Butch Lewis Productions, 109 Nev. 1043, 1048, 862 P.2d 1207, 1210 (1993) (citing Sutherland v. Gross, 105 Nev. 192, 196, 772 P.2d 1287, 1290 (1989)). We hold that since there is no evidence that Cummins and IR agreed and intended to harm CGN, the district court was correct in granting both parties’ motions for summary judgment on the civil conspiracy issue.
 

 As to the claims of unjust enrichment and debt due and owing, CGN provided no authority or facts on which to base its claim that these issues were improperly decided on summary judgment. CGN stated that genuine issues of material fact existed but provided no citation to an issue of fact in dispute. This court need not consider conclusory arguments which fail to address the issues in the case.
 
 See
 
 SIIS v. Buckley, 100 Nev. 376, 382, 682 P.2d 1387, 1390 (1984). Therefore, we decline to address these arguments.
 

 An implied covenant of good faith and fair dealing is recognized in every contract under Nevada law. Pemberton v. Farmers
 
 *1312
 
 Ins. Exchange, 109 Nev. 789, 792-93, 858 P.2d 380, 382 (1993). As the covenant applies to “[e]very contract or duty” in the Nevada Uniform Commercial Code, it thus applies to warranties. NRS 104.1203. This court has held that good faith is a question of fact. Mitchell v. Bailey & Selover, Inc., 96 Nev. 147, 150, 605 P.2d 1138, 1139 (1980). Since we have held that a genuine issue of material fact exists as to whether Cummins breached its express warranties, we correspondingly hold that a genuine issue of material fact exists as to whether Cummins breached its implied covenant of good faith and fair dealing in its express warranties.
 
 [1]
 
 In addition, Cummins performed much repair work for CGN, some under warranty and some for which CGN paid. The covenant of good faith and fair dealing was also implied in these contracts and duties and the question of good faith is a question of fact that should have been left to the jury. We, therefore, hold that the district court improvidently granted summary judgment on this issue as to Cummins.
 

 Fourth, CGN argues that the district court abused its discretion in its determination of three interlocutory orders. Although these orders are not independently appealable, since CGN is appealing from a final judgment the interlocutory orders entered prior to the final judgment may properly be heard by this court.
 
 See
 
 Summerfield v. Coca Cola Bottling Co., 113 Nev. 1291, 1293-94, 948 P.2d 704, 705 (1997).
 

 We hold that the district court did not abuse its discretion in any of these orders. First, we hold that the district court did not abuse its discretion in granting IR’s and Cummins’ motions to quash subpoenas naming out-of-state employees and officers of Cummins and IR, which had been served upon' counsel for Cummins and IR, because Nevada Rules of Civil Procedure 45(c) requires that a subpoena be personally served. Second, we hold that the court did not abuse its discretion in excluding deposition testimony from an earlier related case, because Cummins was not a party to the earlier case and is not in privity with a party to the earlier case.
 
 See
 
 NRS 51.325. Third, we hold that the court did not abuse its discretion in not allowing CGN to list Gia McGillivray as a witness because the request was made less than a week before trial.
 
 See
 
 EDCR 2.67.
 

 
 *1313
 
 Lastly, Cummins cross-appealed the district court’s award of repair costs on summary judgment. This court reviews a summary judgment order de novo. Walker, 108 Nev. at 536, 836 P.2d at 61. We hold that the issue of repair costs was improperly decided on summary judgment since genuine issues of material fact remain concerning the length of Cummins’ written warranty and whether certain costs were covered under warranty.
 

 Accordingly, we affirm the judgment of the district court on the issues of breach of implied warranties, the garagemen’s lien, interference with prospective business relations, civil conspiracy, unjust enrichment, and debt due and owing. Since we hold that genuine issues of material fact remain, we reverse the district court’s judgment on the issues of breach of express warranties as to both IR and Cummins, breach of implied covenant of good faith and fair dealing as to Cummins, and the issue of repair costs. We remand the matter to the district court for further proceedings consistent with this opinion.
 

 [1]
 

 CGN did not plead the claim of breach of implied covenant of good faith in the original complaint against IR or in the amended complaint. Additionally, there is no evidence in the complaints that IR was on notice as to this claim. Therefore, we hold that this claim does not apply to IR.