An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RANDALL GEORGE ANGEL,
Appellant,
vs.
ELDORADO CASINO, INC.,
Respondent.

No. 59401

FILED

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from a district court order dismissing appellant's complaint and striking appellant's amended complaint in a tort action. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

Respondent moved to dismiss appellant's complaint in which he alleged various causes of action stemming from an altercation with respondent's security personnel. Before the district court ruled on the motion to dismiss, appellant filed an amended complaint. Not realizing the amended complaint had been filed, the district court granted the motion to dismiss appellant's original complaint for failure to state a claim for which relief could be granted. See NRCP 12(b)(5).

Thereafter, respondent filed a motion to strike the amended complaint on the ground that it was nearly identical, and therefore redundant, to the original complaint. See NRCP 12(f) (allowing redundant material to be stricken from a pleading). The district court granted respondent's motion to strike, and in so doing, it reaffirmed its prior dismissal of appellant's original complaint. This appeal followed. On appeal, appellant challenges only the district court's dismissal of his

original complaint.[1] See Consolidated Generator v. Cummins Engine, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that an interlocutory order may properly be challenged in the context of an appeal from a final judgment).

"A district court order granting an NRCP 12(b)(5) motion to dismiss is subject to rigorous appellate review." Sanchez v. Wal-Mart Stores, 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009). In reviewing the dismissal order, we accept the plaintiff's factual allegations as true, and dismissal will be deemed improper if the allegations are "legally sufficient to constitute the elements of the claim asserted." Id. Moreover, "we must look at the substance of the claims, not just the labels used in the . . . complaint." Nevada Power Co. v. Dist. Ct., 120 Nev. 948, 960, 102 P.3d 578, 586 (2004).

Here, the district court dismissed appellant's complaint based on the fact that appellant cited to various statutes pertaining to criminal liability and a constitutional provision safeguarding against unlawful searches and seizures, which applies to state actors. When these citations are disregarded, however, see id., and when the factual allegations in appellant's complaint are accepted as true, the allegations were legally sufficient to constitute the elements of intentional tort claims for either malicious prosecution or false imprisonment[2] and for battery, for which

---

[1]Accordingly, we do not address the district court's decision to strike appellant's amended complaint.

[2]To the extent that respondent was unsure of the cause of action being alleged in Count 1 of appellant's complaint, respondent could have moved for a more definitive statement, see NRCP 12(e), rather than immediately moving for dismissal. By not addressing the issues raised in appellant's proper person appeal statement, respondent failed to provide

*continued on next page...*

appellant sought, among other relief, compensation and punitive damages. Sanchez, 125 Nev. at 823, 221 P.3d at 1280. Accordingly, dismissal was improper, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Second Judicial District Court, Department 8
Randall George Angel
McDonald Carano Wilson LLP/Reno
Washoe District Court Clerk

---

*...continued*
us with any argument regarding why the district court's dismissal order should be affirmed. Our independent research has revealed no authority to support the premise that citing to a criminal statute or constitutional provision somehow negates the validity of a complaint's remaining factual allegations.