An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN MICHAEL FOSTER,
Appellant,
vs.
TARA COLLIER,
Respondent.

No. 63893

**FILED**

APR 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL IN PART AND AFFIRMING IN PART

This is a proper person appeal from a district court order dismissing a negligence action. First Judicial District Court, Carson City; James Todd Russell, Judge.

As an initial matter, respondent has moved this court to dismiss this appeal on the ground that appellant is not an aggrieved party insofar as the complaint against appellant was dismissed by the district court's order that is before this court on appeal. Appellant has opposed the motion, and respondent has filed a reply. Although appellant was not aggrieved by the district court's order of dismissal, he was aggrieved by the district court's interlocutory order denying his motion to submit a counterclaim, and appellant's civil proper person appeal statement indicates that he is challenging that order in this appeal. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) ("A party is aggrieved within the meaning of NRAP 3A(a) when either a personal right or right of property is adversely and substantially affected by a district court's ruling." (internal quotation marks omitted)). Thus, we grant the motion to dismiss in part and dismiss this appeal to the extent that appellant purports to challenge the dismissal of the underlying complaint against him, but we deny the motion to dismiss insofar as

appellant challenges the district court's rejection of his counterclaim. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (recognizing that a party may challenge interlocutory orders entered before a final judgment in an appeal from the final judgment).

Turning to the merits of appellant's challenge to the rejection of his counterclaims, having considered appellant's civil proper person appeal statement and the record on appeal, we affirm the district court's denial of his motion to submit a counterclaim, as appellant's proposed counterclaim failed to state a cognizable claim against respondent.[1] *Cf. Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 302 P.3d 1148, 1152 (2013) (explaining that leave to amend a complaint should be denied if the proposed amendment would be futile because it attempts to plead an impermissible claim); *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (providing that a complaint should be dismissed "if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [him or her] to relief").

It is so ORDERED.

_____*Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]Although the district court denied appellant's motion to submit a counterclaim on the ground that no such motion was available to appellant, we may affirm the district court's order if it reached the correct result, albeit for a different reason. *See Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 460 n.22, 168 P.3d 1055, 1063 n.22 (2007).

cc:    Hon. James Todd Russell, District Judge
John Michael Foster
Steven J. Klearman & Associates
Carson City Clerk