An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA, EX REL.
NEVADA DEPARTMENT OF
CORRECTIONS; AND JAMES "GREG"
COX, DIRECTOR,
Petitioners,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE JAMES E. WILSON,
DISTRICT JUDGE,
Respondents,
and
LITTLEJOHN K. VANHORN; AND
VERONICA J. VANHORN,
Real Parties in Interest.

No. 65799

**FILED**

JUL 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## WRIT OF PROHIBITION OR MANDAMUS

This is an original petition for a writ of prohibition or mandamus seeking to vacate a district court order denying a motion for judgment on the pleadings in an employment matter.

This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist.*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24092

*Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is typically not available, however, when petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tec.*, 124 Nev. at 197, 179 P.3d at 558. Whether to consider a writ petition is within this court's discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition, we conclude that petitioner has an adequate legal remedy in the form of an appeal from any adverse judgment, and it may challenge the district court's interlocutory order denying its motion for judgment on the pleadings in the context of that appeal. *See* NRS 34.170; NRS 34.330; *Pan*, 120 Nev. at 224, 88 P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief); *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that interlocutory orders may be challenged in the context of an appeal from the final judgment). Accordingly, we deny the petition. *See* NRAP 21(b)(1); *Smith*, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. James E. Wilson, District Judge
        Attorney General/Reno
        Maupin, Cox & LeGoy
        Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A