An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN J. STEINBERG,
Appellant,
vs.
SABINA F. STEINBERG,
Respondent.

No. 58524

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER AFFIRMING IN PART,*
*REVERSING IN PART AND REMANDING*

This is an appeal from district court special orders after final judgment regarding spousal support and property distribution. Eighth Judicial District Court, Family Court Division, Clark County; Vincent Ochoa, Judge.

The parties were divorced in 2008 and appellant was ordered to pay respondent $2,250 per month in spousal support for a period of 48 months. Respondent was also awarded a one-half interest in a profit sharing plan's value as of February 22, 2008. A year after the divorce, appellant's income decreased dramatically and he requested a modification of his spousal support obligation. The district court first considered his request in its November 2009 order, in which it temporarily reduced appellant's monthly spousal support obligation to $1,750 until the court's next hearing.

Appellant's income continued to decrease and at the next hearing, the district court temporarily reduced his monthly spousal support obligation to $750. Despite concluding that the modification was warranted by the change in circumstances, in its April 2010 order the

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 30568

district court ordered that the difference between appellant's reduced monthly spousal support obligation, and his monthly spousal support obligation as provided for in the divorce decree, would accrue without interest, to be paid after the original spousal support term expires.[1] In a subsequent order entered in April 2011, the district court again set forth appellant's monthly spousal support obligation of $750, and added $550 per month to the end of the spousal support term. The district court also reduced to judgment $18,000, which represented the amount the district court had added to the end of the spousal support term since the last hearing. Lastly, the district court provided that respondent receive her interest in the profit sharing plan's value as of February 22, 2008. This appeal followed.

Because the district court considered appellant's change in circumstances in its November 2009 order, we conclude the district court did not abuse its discretion when it temporarily modified appellant's spousal support obligation in that order. *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (providing that this court reviews a spousal support award for an abuse of discretion). Further, because the divorce decree provided that respondent was to receive her one-half interest in the profit sharing plan's value as of February 22, 2008, we conclude that the district court did not abuse its discretion in resolving the

---

[1]We conclude that because both the November 2009 order and the April 2010 order were temporary orders, we have jurisdiction to consider appellant's challenges to those orders in his appeal from the April 2011 order permanently modifying his spousal support obligation. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that this court may review interlocutory orders in an appeal from a final judgment).

parties' dispute over the issue and directing that respondent's share of the profit sharing plan would be valued as of February 22, 2008. *See id.* (explaining that this court reviews a division of community property for an abuse of discretion). Accordingly, we affirm these portions of the district court's November 2009 and April 2011 orders.

We conclude, however, that the district court abused its discretion in modifying appellant's spousal support obligation in the April 2010 and April 2011 orders. Even though the district court concluded that a change in circumstances warranted a reduction in appellant's spousal support obligation, instead of simply reducing the amount of monthly spousal support to reflect the change in circumstances, the district court increased the spousal support term to account for the difference, thereby retaining the total amount of spousal support owed. *See* NRS 125.150(7) (allowing a court to modify unaccrued spousal support when a change in circumstances warrants the modification). The difference between the original and the reduced monthly spousal support amounts had yet to accrue, and nothing in the record on appeal demonstrates that the district court found that appellant's income would return to its pre-divorce amount by the time the original spousal support term ended. Thus, we conclude the district court abused its discretion by adding these amounts to the end of the spousal support term in both the April 2010 and April 2011 orders.[2] *See Wolff,* 112 Nev. at 1359, 929 P.2d at 918-19. For the same reason, it

[2]Because it is unclear whether the district court would have reduced appellant's spousal support amount in its April 2011 order to $750 per month if it was not adding $550 per month to the end of the spousal support term, we are unable to determine if such a reduction was an abuse of discretion, and thus, we reverse this spousal support reduction and remand for further consideration.

was improper to reduce these amounts to judgment in the April 2011 order. *Id.* Accordingly, we reverse the district court's April 2010 order and the portions of the April 2011 order modifying appellant's spousal support obligation and reducing $18,000 in spousal support arrears to judgment, and we remand this matter to the district court for proceedings consistent with this order.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Vincent Ochoa, District Judge
        Steinberg Law Group
        Sterling Law, LLC
        Eighth District Court Clerk