# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRADY W. KERESEY, INDIVIDUALLY,
Appellant,

vs.

GERTRUDE RUDIAK, INDIVIDUALLY;
GERTRUDE RUDIAK SURVIVIOR
TRUST; JOHN M. RENTCHLER,
TRUSTEE; PANAMANIAN VISTAS,
LTD., AN OHIO LIMITED LIABILITY
COMPANY; PANAMANIAN VISTAS,
INC., A CORPORATION OF THE
REPUBLIC OF PANAMA; SEASHORE
VISTAS, LTD., AN OHIO LIMITED
LIABILITY COMPANY; AND OPAL
SEAS TRADING, S.A., A
CORPORATION OF THE REPUBLIC
OF PANAMA,
Respondents.

No. 73775

**FILED**

JUL 3 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from an order denying a motion to dissolve a preliminary injunction. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Respondents move to dismiss this appeal as moot because the district court has since granted a permanent injunction, and appellant has filed an appeal from that order in Docket No. 75177. In the alternative, respondents ask this court to consolidate the appeals. Appellant opposes the motion to dismiss on the ground that he was assessed a $5,000 sanction based on violating the preliminary injunction and contends the district court lacked jurisdiction to impose either the injunction or the sanction. Respondents have filed a reply.

18-29049

Having considered the arguments of the parties, we dismiss this appeal. Appellant may raise any argument in opposition to the preliminary injunction in his appeal from the final judgment imposing the permanent injunction. NRAP 3A(b)(1); *see Consolidated Generator v. Cummins Engine*, 114 Nev. 1304, 971 P.2d 1251 (1998) (stating that interlocutory orders entered prior to final judgment may be heard on appeal from final judgment).

It is so ORDERED.[1]

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Barry L. Breslow, District Judge
Jack I. McAuliffe, Chtd.
Christian, Kravitz, Dichter, Johnson & Sluga
Washoe District Court Clerk

---

[1]Respondents' motion for an extension of time to file the answering brief is denied as moot.