# IN THE SUPREME COURT OF THE STATE OF NEVADA

MANN STREET TRUST,
Appellant,
vs.
ELSINORE HOMEOWNERS
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION,
Respondent.

No. 78531

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a contract action. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, dismissal of appellant's breach-of-contract claim was appropriate because appellant's complaint failed to allege the existence of a contract between appellant and respondent.[2] Dismissal of appellant's NRS 116.1113 claim was also

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We are not persuaded that the foreclosure deed constituted a contract. Although appellant relies on NRS 111.707's definition of "contract," this definition pertains to the "Nonprobate Transfer of Property Upon Death" statutory subchapter, which is inapplicable here. In any

20-23447

appropriate because respondent did not have a duty to proactively disclose whether a superpriority tender had been made. *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2005)[3] (not requiring any such disclosure). And since those two claims fail, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Mary Kay Holthus, District Judge
       Janet Trost, Settlement Judge
       Kerry P. Faughnan
       Leach Kern Gruchow Anderson Song/Las Vegas
       Eighth District Court Clerk

---

event, the foreclosure deed's recitals did not rule out the possibility that a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.