# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC, SERIES 8920 EL
DIABLO, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
SILVERSTONE RANCH COMMUNITY
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION; AND
HAMPTON & HAMPTON
COLLECTIONS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondents.

No. 80039

FILED

OCT 16 2020

EL_____
CLERK_____
BY_____
DEP_____

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; James M. Bixler, Senior Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondents had no duty to proactively disclose whether a superpriority tender had been

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20- 38026

made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2013)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court,* 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotations marks omitted)); *Nelson v. Heer,* 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Similarly, and assuming without deciding that NRS Chapter 113 applies to NRS Chapter 116 sales, NRS 113.130 requires a seller to disclose "defect[s]," not superpriority tenders.[4] NRS 113.100 defines "Defect" as "a condition that materially affects the value or use of residential property in an adverse manner." To the extent that a deed of trust could conceivably constitute a "condition," we note that the subject property

---

[2]Although appellant frames the issue as whether respondents had a duty to disclose "after reasonable inquiry," appellant's complaint contains no allegations that such an inquiry was made in this case. Relatedly, although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals made no representation one way or the other whether a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

[4]We agree with respondent Silverstone Ranch Community Associations' arguments that applying NRS Chapter 113 to NRS Chapter 116 sales seems nonsensical, but we also recognize appellant's competing arguments that NRS Chapter 113 does not exclude NRS Chapter 116 sales and that NRS 113.100(5)'s definition of "Seller" is expansive.

technically has the same "value" regardless of whether it is encumbered by the deed of trust.[5]

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[6]

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                      Silver

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. James M. Bixler, Senior Judge
       Persi J. Mishel, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Brandon E. Wood
       Leach Kern Gruchow Anderson Song/Las Vegas
       Eighth District Court Clerk

---

[5]Nor are we persuaded that the Seller's Real Property Disclosure Form would require disclosure of a superpriority tender.

[6]We decline to treat respondent Hampton & Hampton Collections, LLC's failure to file an answering brief as a confession of error because the bases for appellant's claims against Hampton & Hampton are identical to those asserted against respondent Silverstone Ranch Community Association.