# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC, SERIES 11339
COLINWARD, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
TRAVATA AND MONTAGE AT
SUMMERLIN CENTRE
HOMEOWNERS' ASSOCIATION, A
NEVADA NON-PROFIT
CORPORATION; AND NEVADA
ASSOCIATION SERVICES, INC., A
NEVADA CORPORATION,
Respondents.

No. 80162

FILED

OCT 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true,

----

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-38029

would entitle [the plaintiff] to relief"). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondents had no duty to proactively disclose whether a superpriority tender had been made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2013)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a

---

[2]Although appellant frames the issue as whether respondents had a duty to disclose "after reasonable inquiry," appellant's complaint contains no allegations that such an inquiry was made in this case. Nor does appellant's complaint allege any violation of NRS Chapter 113. Relatedly, although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals made no representation one way or the other whether a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

"concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Mary Kay Holthus, District Judge
       William C. Turner, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Brandon E. Wood
       Lipson Neilson P.C.
       Eighth District Court Clerk

---

[4]We decline to treat respondent Nevada Association Services' failure to file an answering brief as a confession of error because the bases for appellant's claims against Nevada Association Services are identical to those asserted against respondent Travata and Montage at Summerlin Centre Homeowners' Association.