IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 5413
BRISTOL BEND COURT, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
NEVADA ASSOCIATION SERVICES,
INC., A NEVADA CORPORATION; AND
LADERA PARK HOMEOWNERS
ASSOCIATION, A DOMESTIC NON-
PROFIT CORPORATION,
Respondents.

No. 78433

FILED

NOV 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint.[2] *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondents had no duty to proactively disclose whether a superpriority tender had been

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Because the district court found no duty to disclose, we decline to address the statute of limitations arguments asserted by both parties.

20-42585

made. *Compare* NRS 116.31164(6)(a) (2017) (requiring an HOA to disclose whether the holder of the first deed of trust has satisfied the superpriority portion of the lien), *with* NRS 116.31164 (2013)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (articulating the elements for a negligent misrepresentation claim, one of which is "suppl[ying] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (reciting the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (holding that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another" (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[3]This was the version of the statute in place at the time of the foreclosure sale.

cc:   Hon. Mary Kay Holthus, District Judge
Janet Trost, Settlement Judge
Roger P. Croteau & Associates, Ltd.
Brandon E. Wood
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk