# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 3237
PERCHING BIRD,
Appellant,
vs.
ALIANTE MASTER ASSOCIATION;
AND NEVADA ASSOCIATION
SERVICES, INC.,
Respondents.

No. 80760

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Trevor L. Atkin, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondents had no duty to proactively disclose whether a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-04412

superpriority tender had been made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) and NRS 116.31164(2) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2013)[3] (not requiring any such disclosure). *See Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Similarly, and assuming without deciding that NRS Chapter 113 applies to NRS Chapter 116 sales, NRS 113.130 requires a seller to disclose "defect[s]," not superpriority tenders. NRS 113.100(1) defines "Defect" as "a condition that materially affects the value or use of residential property in an adverse manner." To the extent that a deed of trust could conceivably constitute a "condition," we note that the subject property technically has the same "value" regardless of whether it is encumbered by the deed of trust. Nor are we persuaded that the Seller's Real Property Disclosure Form would require disclosure of a superpriority tender.

---

[2]Although appellant frames the issue as whether respondents had a duty to disclose "after reasonable inquiry," appellant's complaint contains no allegations that such an inquiry was made in this case. Relatedly, although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals made no representation one way or the other whether a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Chief Judge, Eighth Judicial District
Department 8, Eighth Judicial District
Kristine M. Kuzemka, Settlement Judge
Roger P. Croteau & Associates, Ltd.
Brandon E. Wood
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A