IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC SERIES 1330
CRYSTAL HILL, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
TRIPOLY AT STEPHANIE
HOMEOWNERS ASSOCIATION, A
NEVADA NON-PROFIT
CORPORATION; AND RED ROCK
FINANCIAL SERVICES, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Respondents.

No. 79778

FILED

MAR 26 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to dismiss in a breach of contract matter pertaining to a homeowner's association foreclosure. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21- 08715

beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). Appellant's complaint alleged misrepresentation, breach of the duty of good faith, conspiracy, and violation of NRS 113.130. Each of these claims fail. First, appellant's claims for misrepresentation and breach of the obligation of good faith imposed by NRS 116.1113 fail because—contrary to appellant's arguments—respondents had no duty to proactively disclose whether a superpriority tender had been made. *Compare* NRS 116.31164(2) (2015) (mandating that a sale may not occur if a tender has been made and not recorded), *with* NRS 116.31164 (2009)[2] (not requiring any such process); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (discussing the elements for a negligent misrepresentation claim, one of which is supplying false information); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Although appellant frames the issue as whether respondents had a duty to disclose that a tender of the superpriority amount had been made and rejected "after reasonable inquiry," appellant only supported its claim with an affidavit which was not mentioned in or attached to the complaint. As such, this court cannot consider the affidavit while reviewing the district court's order granting respondents' motion to dismiss. *See Baxter v. Dignity Health*, 131 Nev. 759, 764, 357 P.3d 927, 930 (2015) (discussing when unattached evidence may be considered). Relatedly,

---

[2]This was the version of the statute in place at the time of the foreclosure sale.

although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals made no representation one way or the other regarding whether a superpriority tender had been made.

Appellant's claim that respondents violated NRS Chapter 113 similarly fails. Even assuming, without deciding, that NRS Chapter 113 applies to NRS Chapter 116 sales, NRS 113.130 requires a seller to disclose "defect[s]," not superpriority tenders.[3] NRS 113.100(1) defines "[d]efect" as "a condition that materially affects the value or use of residential property in an adverse manner." To the extent that a deed of trust could conceivably constitute a "condition," we note that the subject property technically has the same "value" regardless of whether it is encumbered by the deed of trust.[4]

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the

---

[3]We agree with respondents' arguments that applying NRS Chapter 113 to NRS Chapter 116 sales seems nonsensical, but we also recognize appellant's competing arguments that NRS Chapter 113 does not exclude NRS Chapter 116 sales and that NRS 113.100(5)'s definition of "Seller" is expansive.

[4]Nor are we persuaded by appellant's argument that the Seller's Real Property Disclosure Form would require disclosure of a superpriority tender.

purpose of harming another") (internal quotation marks omitted). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
       Eighth Judicial District Court, Department 24
       Charles K. Hauser, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Koch & Scow, LLC
       Boyack Orme & Anthony
       Eighth District Court Clerk