# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 6212
LUMBER RIVER, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
PECOS-PARK SUNFLOWER
HOMEOWNERS' ASSOCIATION, A
DOMESTIC NON-PROFIT
CORPORATION,
Respondent.

No. 81679

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5)

----

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-26882

dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondent had no duty to proactively disclose whether a superpriority tender had been made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2005)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Finally, because respondent did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a

---

[2]Although appellant frames the issue as whether respondent had a duty to disclose "after reasonable inquiry," appellant's complaint does not allege that such an inquiry was made in this case. Relatedly, although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals did not represent one way or the other whether a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

"concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.            _____, Sr.J.
Stiglich                                 Gibbons

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Charles K. Hauser, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Leach Kern Gruchow Anderson Song/Las Vegas
       Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A