IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC SERIES 6132
PEGGOTTY, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
COPPERFIELD HOMEOWNERS
ASSOCIATION; AND FIRST SERVICE
RESIDENTIAL NEVADA, LLC, D/B/A
RED ROCK FINANCIAL SERVICES,
Respondents.

No. 82349

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, appellant's claims for

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-32321

misrepresentation and breach of NRS 116.1113 fail because respondent had no duty to proactively disclose whether a superpriority tender had been made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2013)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Finally, because respondent did not do anything unlawful, appellant's civil conspiracy claim necessarily fails.[4] *See Consol. Generator-*

---

[2]Although appellant's complaint alleges generally that it was appellant's "practice and procedure" to "attempt to ascertain whether anyone had attempted to or did tender any payment," the complaint does not allege that appellant specifically asked respondents whether a superpriority tender had been made in this case, much less that respondents misrepresented that a superpriority tender had not been made. Relatedly, although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals made no representation whether a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

[4]Appellant's complaint also asserted a claim for violation of NRS Chapter 113. Because appellant does not address the viability of that claim on appeal, we necessarily affirm the dismissal of that claim.

*Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Hardesty

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:    Hon. Mary Kay Holthus, District Judge
William C. Turner, Settlement Judge
Roger P. Croteau & Associates, Ltd.
Koch & Scow, LLC
The Law Office of Michael W. McKelleb, Esq. PLLC
Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.