IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY, LLC, SERIES 8320
BERMUDA BEACH, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
SOUTH SHORES COMMUNITY
ASSOCIATION; AND TERRA WEST
COLLECTIONS GROUP, LLC, D/B/A
ASSESSMENT MANAGEMENT
SERVICES,
Respondents.

No. 80165

FILED

OCT 16 2020

ELI... ...
CLER... ...PREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Senior Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondents had no duty to proactively disclose whether a superpriority tender had been

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-38035

made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2013)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Similarly, and assuming without deciding that NRS Chapter 113 applies to NRS Chapter 116 sales, NRS 113.130 requires a seller to disclose "defect[s]," not superpriority tenders.[4] NRS 113.100 defines "Defect" as "a condition that materially affects the value or use of residential property in an adverse manner." To the extent that a deed of trust could

---

[2]Although appellant's complaint alleges generally that appellant had a "pattern and practice" of "attempt[ing] to ascertain whether anyone had attempted to or did tender any payment," the complaint does not allege that appellant specifically asked respondents whether a superpriority tender had been made in this case, much less that respondents misrepresented that a superpriority tender had not been made. Relatedly, although appellant contends that it relied upon the recitals in the foreclosure deed, the recitals made no representation one way or the other whether a superpriority tender had been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

[4]We agree with respondent South Shores Community Association's arguments that applying NRS Chapter 113 to NRS Chapter 116 sales seems nonsensical, but we also recognize appellant's competing arguments that NRS Chapter 113 does not exclude NRS Chapter 116 sales and that NRS 113.100(5)'s definition of "Seller" is expansive.

conceivably constitute a "condition," we note that the subject property technically has the same "value" regardless of whether it is encumbered by the deed of trust.[5]

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                              Silver

cc:     Chief Judge, The Eighth Judicial District Court
        Hon. Joseph T. Bonaventure, Senior Judge
        William C. Turner, Settlement Judge
        Roger P. Croteau & Associates, Ltd.
        McDonald Carano LLP/Las Vegas
        Leach Kern Gruchow Anderson Song/Las Vegas
        Eighth District Court Clerk

---

[5]Nor are we persuaded that the Seller's Real Property Disclosure Form would require disclosure of a superpriority tender.