# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 10007
LIBERTY VIEW,
Appellant,
vs.
SOUTHERN TERRACE
HOMEOWNERS ASSOCIATION; AND
UNITED LEGAL SERVICES, INC.,
Respondents.

No. 81264

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing de novo a district court's NRCP 12(b)(5) dismissal and recognizing that dismissal is appropriate when "it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"); *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court). In particular, appellant's claims for misrepresentation and breach of NRS 116.1113 fail because respondents had no duty to proactively disclose whether a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-11082

superpriority tender had been made.[2] *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2012)[3] (not requiring any such disclosure); *see Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim, one of which is "supply[ing] false information" (internal quotation marks omitted)); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (providing the elements for an intentional misrepresentation claim, one of which is making "a false representation").

Similarly, and assuming without deciding that NRS Chapter 113 applies to NRS Chapter 116 sales, NRS 113.130 requires a seller to disclose "defect[s]," not superpriority tenders. NRS 113.100(1) defines "[d]efect" as "a condition that materially affects the value or use of residential property in an adverse manner." To the extent that a deed of trust could conceivably constitute a "condition," we note that the subject property technically has the same "value" regardless of whether it is encumbered by the deed of trust. Nor are we persuaded that the Seller's Real Property Disclosure Form would require disclosure of a superpriority tender.

---

[2]Although appellant's complaint alleges generally that appellant had a "practice and procedure" of "attempt[ing] to ascertain whether anyone had attempted to or did tender any payment," the complaint does not allege that appellant specifically asked respondents whether a superpriority tender had been made in this case, much less that respondents misrepresented that a superpriority tender had not been made.

[3]This was the version of the statute in place at the time of the foreclosure sale.

Finally, because respondents did not do anything unlawful, appellant's civil conspiracy claim necessarily fails. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Chief Judge, Eighth Judicial District Court
Department 24, Eighth Judicial District Court
William C. Turner, Settlement Judge
Roger P. Croteau & Associates, Ltd.
Atkinson Law Associates, Ltd.
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk

---

[4]In light of the manner in which we have resolved this appeal, appellant's remaining arguments are unavailing. In this, we note that although appellant summarily states that it should have been granted leave to amend its complaint "to further clarify . . . representations made by the HOA and HOA Trustee," the proposed amended complaint contains no additional allegations that would warrant a different outcome.